UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

NYGEA WILLIAMS,

    Plaintiff,

v.

OFFICE OF VOCATIONAL
REHABILITATION, et al.,

    Defendants.

CIVIL ACTION NO. 1:16-CV-00731

(KANE, J.)
(MEHALCHICK, M.J.)

**REPORT AND RECOMMENDATION**

Before the Court is a motion for a preliminary injunction, filed by Plaintiff Nygea Williams on May 2, 2016. (Doc. 3). Williams filed her motion the same day she initiated the instant action asserting violations by various Defendants under the Randolph-Sheppard Act, 20 U.S.C. § 107(a) which provides licensing for blind persons to operate vending facilities on Federal property.[1] (Doc. 1). Williams seeks a Court-issued preliminary injunction mandating a return to her vendor position immediately to resume business operations.

Four factors govern a district court's decision whether to issue a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief, (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether

---

[1] "For the purposes of providing blind persons with remunerative employment, enlarging the economic opportunities of the blind, and stimulating the blind to greater efforts in striving to make themselves self-supporting, blind persons licensed under the provisions of this chapter shall be authorized to operate vending facilities on any Federal property." 20 U.S.C. § 107(a).

granting the preliminary relief will be in the public interest. *Grill v. Aversa*, 908 F. Supp. 2d 573, 591 (M.D. Pa. 2012); *Gerardi v. Pelullo*, 16 F.3d 1363, 1373 (3d Cir.1994); *SI Handling Systems, Inc. v. Heisley*, 753 F.2d 1244, 1254 (3d Cir.1985)). *See also Highmark, Inc. v. UPMC Health Plan, Inc.*, 276 F.3d 160, 170–71 (3d Cir.2001).

A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion. Such relief is extraordinary in nature and should issue in only limited circumstances. *See Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426–27 (3d Cir. 1994). In order to satisfy this exacting standard, the party moving for a preliminary injunction must carry its burden of demonstrating both: (1) likelihood of success on the merits; and (2) the existence of irreparable injury from the alleged misconduct. *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797 (3d Cir.1989). If the movant fails to carry this burden on these two elements, the motion should be denied since a party seeking such relief must "demonstrate both a likelihood of success on the merits and the probability of irreparable harm if relief is not granted." *Hohe v. Casey*, 868 F.2d 69, 72 (3d Cir.1989) (emphasis in original) (quoting *Morton v. Beyer*, 822 F.2d 364 (3d Cir.1987)). Further, given the extraordinary nature of this form of relief, a motion for preliminary injunction places precise burdens on the moving party.

As a threshold matter, it is a movant's burden to show that the "preliminary injunction must be the only way of protecting the plaintiff from harm." *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir.1992) (emphasis in original, citations omitted). Therefore, "upon an application for a preliminary injunction to doubt is to deny." *Madison Square Garden Corp. v. Braddock*, 90 F.2d 924, 927 (3d Cir.1937)

A preliminary injunction "may not be used simply to eliminate a possibility of a remote future injury." *Holiday Inns of Am., Inc. v. B&B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969). "[T]he irreparable harm must be actual and imminent, not merely speculative." *Angstadt ex rel. Angstadt v. Midd-West Sch.*, 182 F. Supp. 2d 435, 437 (M.D. Pa. 2002). "[M]ore than a risk of irreparable harm must be demonstrated. The requisite for injunctive relief has been characterized as a 'clear showing of immediate irreparable injury,' or a 'presently existing actual threat . . . .'" *Continental Grp., Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980) (citations omitted). "A preliminary injunction cannot be issued based on past harm. The purpose of a preliminary injunction is to prevent *future* irreparable harm." *Fisher v. Goord*, 981 F. Supp. 140, 168 (W.D.N.Y. 1997) (emphasis in original). Thus, the relevant inquiry is whether the party moving for injunctive relief is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued.

Moreover, "[t]he 'requisite feared injury or harm must be irreparable—not merely serious or substantial,' and it 'must be of a peculiar nature, so that compensation in money cannot atone for it.'" *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987) (quoting *Glasco v. Hills*, 558 F.2d 179, 181 (3d Cir. 1977)). "In order to demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the *only* way of protecting the plaintiff from harm." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989) (emphasis added). "The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for ...'." *Acierno v. New Castle County*, 40 F.3d 645, 653 (3d Cir.1994) (citations omitted). If the record does not support a finding of both irreparable injury

3

and a likelihood of success on the merits, then a preliminary injunction cannot be granted. *Marxe v. Jackson*, 833 F.2d 1121 (3d Cir.1987).

As observed previously, a preliminary injunction is an extraordinary remedy, one that should be ordered only in limited cases, upon a compelling showing. That showing has not been made in this case, and Plaintiff has not demonstrated any irreparable injury. Specifically, Williams seeks for her vendor spot to be reinstated, and further asserts violations of due process and loss of business income. These injuries are compensable, and not irreparable. As such, the issuance of the injunction sought by Williams is inappropriate at this time.[2]

Based on the foregoing, it is recommended that Plaintiff's Motion for a Preliminary Injunction (Doc. 3) be **DENIED**.

**Dated: November 18, 2016**                                *s/ Karoline Mehalchick*
                                                            **KAROLINE MEHALCHICK**
                                                            **United States Magistrate Judge**

---

[2] At this time, the Court notes as well that Plaintiff's claim may not have merit, but in light of the entry of appearance of counsel, and that counsel's indication that Plaintiff will be filing an amended complaint, and having determined that the Plaintiff has not established any irreparable injury requiring the entrance of an injunction, the Court declines to address the likelihood of success of Plaintiff's claims. *But see, Jones v. DeNotaris*, 80 F. Supp. 3d 588 (E.D. Pa. 2015) (holding that a blind vendor could not bring § 1983 action against state licensing agency to remedy alleged violations of Randolph–Sheppard Act (RSA), which required federal government and cooperating state licensing agencies to give priority to licensing blind persons in operation of vending facilities on federal property, but declining to find that the plaintiff could not bring another type of § 1983 claim, such as one for a violation of the Equal Protection Clause.)

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NYGEA WILLIAMS,<br><br>   Plaintiff,<br><br>v.<br><br>OFFICE OF VOCATIONAL REHABILITATION, et al.,<br><br>   Defendants. | CIVIL ACTION NO. 1:16-CV-00731<br><br>(KANE, J.)<br>(MEHALCHICK, M.J.) |

**NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **November 18, 2016**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: November 18, 2016**　　　　　　　　　　　　　　*s/ Karoline Mehalchick*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**KAROLINE MEHALCHICK**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**